IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RICHARD SIMMON-ROMÁN, et al.,
Plaintiffs,

v.

ROSA ILEANA CRUZ-BURGOS, et al.,
Defendants.

Civil No. 21-1038 (GLS)

**SUPPLEMENTAL FINAL PRETRIAL ORDER**

A final pretrial conference was held on October 31, 2023. The Court subsequently issued an Order to govern the trial of this case. See Docket No. 151. After examining the parties' submissions, the Court hereby supplements the Final Pretrial Order at Docket No. 151.

**I.      Case Description**

Per the Opinion and Order at Docket No. 169, and having received no additional objections from the parties, the description of the case is the following.

> This case presents issues of breach of contract. Mr. Simmon and Mr. Santana allege that they have sustained injuries due to the actions of Dr. Cruz-Burgos. Dr. Cruz-Burgos is a physician specializing in gynecology. Mr. Simmon and Mr. Santana requested the services of fertilization of donated eggs and implantation in a surrogate mother. Dr. Cruz-Burgos, Mr. Simmon, and Mr. Santana entered onto a medical services contract titled Consent for In Vitro Fertilization. After an unsuccessful implantation procedure, Mr. Simmon requested to transfer the remaining frozen embryos to another facility. Mr. Simmon and Mr. Santana claim that Dr. Cruz-Burgos breached their agreement by failing to dispose of the remaining embryos in the manner instructed by them.
>
> Dr. Cruz-Burgos denies having breached her obligations under the Consent for In Vitro Fertilization and that Plaintiffs suffered any damages on account of the way in which she disposed or transferred the remaining embryos.

## II.     Legal Issues

Pursuant to the Court's Memorandum and Order at Docket No. 80, the only claim before the Court is a breach of contract claim under the Consent for In Vitro Fertilization for Defendant's alleged breach of her obligations with respect to the disposal or transfer of the embryos in the manner instructed by Plaintiffs.

An enforceable contract exists when a plaintiff establishes (1) the contracting parties' consent; (2) a definite object of the contract; and (3) the parties' cause for the obligation. P.R. Laws Ann. tit. 31, § 3391.[1] Under Puerto Rico law, a breach of contract claims has three elements: (1) a valid contract, (2) a breach of that contract by one of the parties, and (3) damages consequent to that breach. Yacht Caribe Corp. v. Carver Yacht LLC, 270 F. Supp. 3d 547, 555 (D.P.R. 2017). Whenever one of the parties breaches a contractual obligation, an action for damages for breach of contract arises. Arts. 1054, 1056-1057, P.R. Laws Ann. tit. 31, §§ 3018, 3020-3021; Colón v. Blades, 717 F. Supp. 2d 175, 185 (D.P.R. 2010). Pursuant to Article 1060 of the Puerto Rico Civil Code, the damages that may be recovered for a breach of contract include all those that the debtor in good faith could have foreseen and all those that could have been foreseen at the time in which the obligation was assumed. P.R. Laws Ann. tit. 31, § 3024. These may include actual damages and damages for mental anguish.

A party may recover damages for mental anguishes resulting from a breach of contractual obligations if these were foreseeable to the parties at the time of the agreement. See Muñiz-Olivari v. Stiefel Labs, Inc., 174 P.R. Dec. 813 (P.R. 2008); Muñiz-Olivari v. Stiefel Lab'ys, Inc., 441 F. App'x 4, 5 (1st Cir. 2011)[2] ("in an action for breach of contract, indemnity for suffering and mental anguish is proper, as long as they could have foreseen at the time the obligation was entered into and are a necessary consequence of the breach"); Colón v. Glamorous Nails, 167 D.P.R. 33 (2006) (an award of damages for proven mental anguish was proper because the damages could have been foreseen at the time the obligation was established and were a direct consequence of the breach); Mattei Nazario v. Vélez & Asoc., 145 D.P.R. 508 (1998) (the Puerto Rico Supreme Court restated that awards for mental anguish lie in actions for breach of contract as long as they could have been foreseen at the time the obligation was constituted); Marquez v. Torres Campos, 111 D.P.R. 854,

---

[1]     The 2020 Civil Code went into effect November 28, 2020. See 2020 P.R. Laws Act 55 (June 1, 2020). We apply the law as it was at the relevant time.

[2]     Muñíz-Olivari further clarifies that a third-party beneficiary to a contract may also claim emotional damages for a breach of the contract. Muñíz-Olivari, 174 P.R. Dec. at 823.

873 (1982) (damages for mental anguish included in breach of contract claim); Pereira v. I.B.E.C., 95 D.P.R. 28, 58-61 (1967) (emotional damages were granted to plaintiffs as a result of the decayed state of their house); Camacho v. Iglesia Católica, 72 D.P.R. 353, 363-364 (1951) (the Puerto Rico Supreme Court recognized for the first time that emotional damages may be recovered as a result of a breach of contract if such damages are foreseeable at the time of the execution of the contract). The compensation of damages for mental anguishes is "necessarily subjective and must rest upon an evaluation of: (1) the severity of the pain suffered; (2) its duration; and (3) its mental consequences." Serrano v. Nicholson Nursery, Inc., 844 F. Supp. 73, 76 (D.P.R. February 10, 1994). See also Torres Ocasio v. Perfect Sweet Inc., 2018 WL 3569354 at, *4-5 (D.P.R. July 23, 2018).

### III. Stipulated Facts

1. Plaintiff Richard Simmon-Román ("Mr. Simmon") is of legal age, married to Sigfredo Santana, and resident of the State of New Jersey with residential and postal address at 169 Passaic St., Passaic, New Jersey 07055.

2. Plaintiff Sigfredo Santana ("Mr. Santana") is of legal age, married to Richard Simmon-Román, employed and resident of the State of New Jersey with residential and postal address at 169 Passaic St., Passaic, New Jersey 07055.

3. Defendant Dr. Rosa Ileana Cruz-Burgos ("Dr. Cruz") is of legal age, a physician specializing in gynecology and resident of Ponce, Puerto Rico.

4. Gynecology Reproductive Endocrinology and Fertility Institute, known as GREFI, is a medical services provider specializing in gynecological and reproductive procedures located at 1519 Ponce de León Ave., First Bank Bldg., Office 705, Santurce, Puerto Rico 00909-1718.

5. Mr. Simmon and Mr. Santana have been legally married since 2014.

6. Mr. Simmon and Mr. Santana been in a consensual monogamous live-in relationship for more than 18 years.

7. Mr. Simmon and Mr. Santana had decided to expand their family and have a child. Towards that purpose, Mr. Simmon contacted Dr. Cruz to inquire about existing alternatives regarding fertilization with his sperm of donated eggs and implantation in a surrogate mother.

### IV. Exhibits

A. <u>Stipulated</u>

1. Consent for In Vitro Fertilization between Dr. Cruz/GREFI & Richard Simmon dated 4/10/2015 (Joint Exhibit 1).

B. <u>Plaintiffs</u>

None other than the stipulated or those announced by Defendant.

C. <u>Defendant</u>

1. Private Surrogacy Agreement dated June 10, 2015 between Simmon and Luashia Sardinas (Defendant's Id. A)
2. Request for Transport of Embryo[s] (Defendant's Id. B)
3. Embryo Freeze and Thaw Procedures (Defendant's Id. C)
4. Curriculum Vitae of Anil K. Dubey. Ph.D., HCLD (Defendant's Id. D)
5. Expert Report of Anil K. Dubey. Ph.D., HCLD (Defendant's Id. E)
6. Curriculum Vitae of embryologist, Jay Patel (Defendant's Id. F)
7. Expert Report of embryologist, Jay Patel (Defendant's Id. G)

**V. Witnesses**

A. <u>Plaintiffs</u>

1. Richard Simmon Roman. Will testify about the facts set forth in the complaint, Dr. Rosa Cruz's requirements regarding the retrieval of the alleged embryos, how he handled the container during transport, and his emotional damages and the treatment he has received as a consequence of his emotional state.
2. Sigfredo Santana. Will testify about the facts set forth in the complaint, the payments made to Dr. Rosa Cruz, his damages and how he has witnessed the suffering of his husband and how has this affected him.
3. Dr. Pedro Beauchamp. Will testify about his medical preparation and experience as a physician in the in-vitro fertility field. Will testify about his relationship as a medical professional with plaintiff, how Mr. Simmon requested his services, the process of transferring the allegedly cryopreserved embryos, the process of embryo preserving and thawing, and what was found in the CryoTips.

B. <u>Defendant</u>

1. Dr. Rosa Cruz-Burgos. Will offer testimony regarding her interventions with Plaintiffs; the storage of the frozen CryoTips; GREFI's practices for the release and/or disposition of said CryoTips; appropriate transfer procedures;

appropriate freeze and thawing procedures; documents signed by Plaintiff Simmon upon his request to transport the frozen Cryotips; and all matters related thereto.

2. Anil K. Dubey, Ph.D, HCLD. Will offer testimony about his educational background, training, experience and work history; his review of records from Dr. Cruz/GREFI's offices and other case documents; his opinions as stated in his expert report; the propriety of the storage and disposition of the CryoTips; and all matters related thereto.

3. Jay Patel. Will offer testimony about his educational background, training, experience, and work history; his review of records from Dr. Cruz/GREFI's offices and other case documents; his opinions as stated in his expert report; the propriety of the handling, storing and disposition of the CryoTips; and all matters related thereto.

**VI.   Excluded Testimonial and Documentary Evidence**

See Docket Nos. 80, 133 and 148.

**VI.   Other Matters**

1. The parties were provided a copy of the preliminary Jury Instructions to be read before opening statements and there were no objections by either side.

2. Each party will have no more than eight (8) minutes for opening statements.

3. The parties agreed that the Stipulated Facts will be read to the jury at the close of the evidence before the final Jury Instructions.

4. The Court will hold a charge conference at the close of evidence to discuss final Jury Instructions and Verdict form.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 8th day of December 2023.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge