JURY INSTRUCTIONS

## INSTRUCTION NO. 1

## FUNCTIONS OF THE COURT AND THE JURY



Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/prejudice /fear/public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## __INSTRUCTION NO. 2__

## ALL LITIGANTS EQUAL BEFORE THE LAW

All parties are equal before the law.

## INSTRUCTION NO. 3

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations. A stipulation is an agreement between both sides that certain facts are true.

The stipulated facts are the following:

1. Plaintiff, Richard Simmon-Román, ("Mr. Simmon"), is of legal age, married to Sigfredo Santana, and resident of the State of New Jersey with residential and postal address at 169 Passaic St., Passaic, NJ 07055.

2. Plaintiff, Sigfredo Santana, ("Mr. Santana"), is of legal age, married to Richard Simmon-Román, employed and resident of the State of New Jersey with residential and postal address at 169 Passaic St., Passaic, NJ 07055. 20

3. Defendant, Dr. Rosa Ileana Cruz-Burgos, ("Dr. Cruz") is of legal age, a physician specializing in gynecology and resident of Ponce, Puerto Rico.

4. Gynecology Reproductive Endocrinology and Fertility Institute known as GREFI, is a medical services provider specializing in gynecological and reproductive procedures, located at 1519 Ponce de León Ave., First Bank Bldg., Office705, Santurce, PR00909-1718.

5. Mr. Simmon and Mr. Santana have been legally married since 2014.

6. Mr. Simmon and Mr. Santana been in a consensual monogamous live-in relationship for more than 18 years.

7. Mr. Simmon and Mr. Santana had decided to expand their family and have a child. Towards that purpose, Mr. Simmon contacted Dr. Cruz to inquire about existing alternatives

regarding fertilization with his sperm of donated eggs and implantation in a surrogate mother.

## INSTRUCTION NO. 4

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you: First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## INSTRUCTION NO. 5

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## INSTRUCTION NO. 6

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## INSTRUCTION NO. 7

### WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

# INSTRUCTION NO. 8

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.

Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true. As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## INSTRUCTION NO. 9

## TRANSLATED LANGUAGE

You should consider only the evidence provided in the official translation to English. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

## **INSTRUCTION NO. 10**

## **JUDGE'S COMMENTS TO LAWYERS**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

# INSTRUCTION NO. 11

## INFERENCES DEFINED-PRESUMPTION OF REGULARITY-ORDINARY COURSE OF BUSINESS-OBEDIENCE TO LAW

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead you as the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

## INSTRUCTION NO. 12

## EVALUATION OF EVIDENCE

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. At times during the trial, I may have sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, I may have instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from any unanswered questions nor may you consider testimony which has been stricken in reaching your decision. The law requires that your decision be made solely upon the competent evidence before you. Such items as I have excluded from your consideration would be excluded because they are not legally admissible.

The law does not, however, require you to accept all of the evidence I have admitted, even though it is competent. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree or weight you chose to give to the testimony. The testimony of a witness may fail to conform to the facts as they occurred because the witness is intentionally telling a falsehood, because he or she did not accurately see or hear that about which they testify, because the recollection of the event is faulty, or because the witness has not expressed him or herself 20 clearly in giving the testimony. There is no magical formula by which one may evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests which you are to apply in your deliberations.

The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives his or her testimony on the stand, the opportunity that the witness had to observe the facts concerning which he or she testifies, the probability or improbability of the witness' testimony when viewed in the light of all of the other evidence in the case, are all items to be taken into your consideration in determining the weight, if any, you will assign to that witness' testimony.

If such considerations make it appear that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may not be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.

## INSTRUCTION NO. 13

## NUMBER OF WITNESSES

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your mind's belief in the likelihood of the truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

# INSTRUCTION NO. 14

## FAILURE TO PRODUCE AVAILABLE EVIDENCE

The Federal Rules of Evidence provide that there exists a presumption to the effect that all evidence that is voluntarily suppressed or withheld by a party would be adverse to that party if offered in evidence.

# INSTRUCTION NO. 15

## BURDEN OF PROOF ABSOLUTE - CERTAINTY NOT REQUIRED

The party who asserts the affirmative of an issue has the burden to prove that claim by a preponderance of the evidence in the case. However, proof to an absolute certainty is not required, since proof to absolute certainty is seldom possible in any case.

In a civil action, such as this, it is proper to find that a party has succeeded in carrying the burden of proof on an issue of fact, if after consideration of all the evidence in the case the jurors believe that what is sought to be proved on that issue is more likely to be true than not true.

# INSTRUCTION NO. 16

## BURDEN OF PROOF

Plaintiffs have the burden of proof in a civil action such as this one to prove their damages by a preponderance of the evidence. Defendants are usually not required to prove anything. If the proof should fail to establish any essential element of a claim by a preponderance of the evidence in the case, the jury must find in favor of the defendants.

To "establish by the preponderance of the evidence" means to establish by the greater weight of the credible evidence in the case. In other words, a preponderance of the evidence means such evidence that, when considered and compared with that opposed to it, has more convincing force, and produces in your minds that what is sought to be proved is more likely true than not true. If, after hearing all the evidence on an issue of fact, you cannot make up your mind either way, that fact has not been established and plaintiffs have failed to meet their burden of proof.

A preponderance of the evidence refers to the quality and the substance of the evidence, and not to the quantity of the evidence, or the number of witnesses.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

# INSTRUCTION NO. 17

# "IF YOU FIND", OR "IF YOU DECIDE"

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find", or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true that not true.

# INSTRUCTION NO. 18

## ORAL ADMISSIONS - VIEWED WITH CAUTION

Evidence as to any oral admissions, claimed to have been made outside of Court by a party to any case, should always be considered with caution and weighed with greater care. The person making the alleged admission may have been mistaken or may not have expressed clearly the meaning intended; or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral admission made outside of Court is proved by reliable evidence, such an admission may be treated as trustworthy, and should be considered along with all other evidence in the case.

## INSTRUCTION NO. 19

## CREDIBILITY OF WITNESS-DISCREPANCIES IN TESTIMONY

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimonies deserve. You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witnesses testify, or by the character of the testimony given, or by evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.

Consider each witness' intelligence, motive, and state of mind, and each witness' demeanor while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident, or a transaction may see or hear it differently; an innocent miss-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

# INSTRUCTION NO. 20

# IMPEACHMENT

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus, discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particular; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

# INSTRUCTION NO. 21

## EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT BY A WITNESS NOT A PARTY-BY A PARTY

Evidence that at some other time a witness, not a party to this action, has said or done something, which is inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness; but may never be considered as evidence or proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact of facts against his or her interest, then such statement or other conduct, if knowingly made, may be considered evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

## INSTRUCTION NO. 22

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each witness is truthful and accurate, in part, in whole, or not at all. You must also decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of each witness, including any party to the case, you may consider among other things:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's demeanour while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

# INSTRUCTION NO. 23

## CONTRACTS GENERALLY

Pursuant to the freedom of contract principle, "the contracting parties may establish the agreements, clauses, and conditions they may deem convenient, provided that they are not contrary to law, morals, or public order."

# INSTRUCTION NO. 24

## ELEMENTS OF CONTRACT

Under Puerto Rico law, a claim for breach of contract has three elements: (1) a valid contract; (2) a breach by one of the parties to the contract; and (3) resulting damages.

## INSTRUCTION NO. 25

## BREACH OF CONTRACT

A voluntary act or omission that results in the breach of a properly constituted obligation gives rise to an action for contractual damages.

## **INSTRUCTION NO. 26**

## **DAMAGES FOR BREACH OF CONTRACT**

The plaintiffs have the burden of proving the existence of damages, their relationship to the obligation to dispose and transfer the embryos, and their value. Unless the damage claimed is proven to have in fact existed and to have resulted from the breach of contract relating to the disposition and transfer of the embryos, no compensation can be awarded.

When a party breaches a contract, he is liable to the aggrieved party for damages which were foreseen or may have been foreseen. In Puerto Rico an "injured party has the right to recover for the damages actually suffered." Damages are compensatory. Moreover, damages may not be speculative.

# INSTRUCTION NO. 27

## EMOTIONAL DAMAGES

In breach of contract disputes, damages for mental anguish are more limited. Judgment for compensation stemming from mental anguish are subjective and must rest upon an evaluation of: 1) the severity of the pain suffered; 2) its duration; and 3) its mental consequences. Damages for emotional distress will not be awarded unless evidence establishes that the mental condition of plaintiffs has been considerably affected.

In this case, you may only award Plaintiff Simmon for any emotional damages that he may have suffered.

# INSTRUCTION NO. 28

## DAMAGES – NOT PUNITIVE

If you should find that the plaintiffs are entitled to damages, in fixing the amount of your award you may not include in, or add to, an otherwise just award, any sum for the purpose of punishing the defendants or to serve as an example or warning for others. Nor may you include in your award any sum for Court costs or attorney's fees.

# INSTRUCTION NO. 29

## EFFECT OF INSTRUCTION AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages is not considered as intimating any view of mind as to which party is entitled to verdict in this case.

This instruction does not mean that plaintiffs are entitled to a verdict or that I now believe that plaintiffs have proven all the other elements of their claims.

Instructions as to the measure of damages are given solely for your guidance, in the event you should find in favor or plaintiffs from a preponderance of evidence in the case in accordance with the other instructions.

# INSTRUCTION NO. 30

## JURY DELIBERATIONS

### DUTY TO DELIBERATE

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 31

## ELECTION OF FOREPERSON - SPECIAL INTERROGATORIES

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agreed; and then return with your verdict to the courtroom. Your verdict must be the unanimous answer of the jury. Unless all of you agree, you may not return an answer to any particular question. Your foreperson will write the unanimous answer of the jury, if any, in the space provided below each question.

# INSTRUCTION NO. 32

## USE OF ELECTRONIC TECHNOLOGY AND SOCIAL MEDIA DURING DELIBERATIONS

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by 42 anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

# INSTRUCTION NO. 33

## COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the court security officers, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath to be taken by the court security officers that they too, as well as other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also, that you are never to reveal to any person - not even to the Court - how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

## INSTRUCTION NO. 34

## VERDICT FORM-JURY'S RESPONSIBILITY

It is proper to add the caution that nothing said in these instructions is meant to suggest or convey in any way or manner any intimation as to what answers I think you should find. What the answers shall be is the sole and exclusive duty and responsibility of the jury. Remember that you are the sole judges of the facts and that only you are responsible for assessing all of the specific items of evidence presented to you in this courtroom. As to each question you may find one of three things: that plaintiffs have carried their burden of proof, that defendant have disproved plaintiffs' claims, that nothing had been proved either way, in which case you must also find that plaintiffs have failed to carry their burden. Nothing I say is meant to suggest which of these alternatives you should choose on each question of the verdict form - this is your responsibility alone. The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous. It is your duty, as jurors, to consult one another, and to deliberate with a view towards reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence of the case.

## INSTRUCTION NO. 35

## RETURN TO VERDICT

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court Security Officer outside your door that you are ready to return to the courtroom.